FILED
September 13, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003765248

3

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GEOFFREY RICHARDS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>VICTORIA W. ROHL,<br><br><br>Debtor. | NO: 10-39951-D-7<br><br>DC No.: SLF 3<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL PROPERTY**<br><br>Date: October 12, 2011<br>Time: 10:00 a.m.<br>Place: Department D<br>The Honorable Robert S. Bardwil |

Chapter 7 Trustee Geoffrey Richards respectfully moves for authorization to sell

(i) the estate's interest in the Debtor's shares of stock in two corporations: School Business

Services of CA, Inc. ("SBSC, Inc."), and Medical Billing Administration, Inc. (MBA, Inc.)

(collectively, the "Stock"), and (ii) the estate's interest in the Debtor's interest in a life insurance

policy: "Flexible Premium Adjustable Life Lafayette Life Insurance Company" (the "Policy")

(collectively the "Property") to the Debtor for $51,000. The Trustee believes the sale is in the

best interests of the creditors and this Court should approve it pursuant to Bankruptcy

Code Section 363(b).

The Trustee represents the following:

1.     On July 28, 2010, the Debtor filed this case. Geoffrey Richards was appointed Chapter 7 Trustee.

2.     The Debtor scheduled a (i) 19.35484 percent ownership interest in stock of SBSC, Inc., which she valued as $1.00 and claimed $1.00 exempt under California Code of Civil Procedure Section 703.140(b)(5), and (ii) 19.35484 percent interest in stock of MBA, Inc., which she valued as $1.00 and claimed $1.00 exempt under Section 703.140(b)(5).

3.     The Debtor also scheduled the Policy, which she valued at $21,324 and claimed an exemption in it of $11,800 under Code of Civil Procedure Section 703.140(b)(8) and of $9524 under Section 703.140(b)(5). On September 1, 2010, the Buyer amended her Schedules to value the Policy at $21,324, and claim an exemption in it of $1.00 under Section 703.140(b)(5).

4.     The Trustee retained certified public accountant Michael Gabrielson to conduct an analysis of the value the Stock. The Trustee obtained corporate and accounting records of SBSC, Inc., and MBA, Inc., and provided them to Mr. Gabrielson for his review and analysis. Following Mr. Gabrielson's review and analysis, he made recommendations to the Trustee regarding valuation of the Stock and potential sales prices for it. (Richards Decl., ¶ 2).

5.     Based on this information, the Trustee entered into negotiations with the Debtor for a possible sale of the Property to her. The negotiations included both telephone calls and meetings in person, including a meeting among the Trustee and his counsel and Mr. Gabrielson, on the one hand, and Debtor's counsel, on the other hand. (Richards Decl., ¶ 3).

6.     As a result of the negotiations, the Trustee and the Debtor reached an agreement under which the Debtor agreed to buy the estate's interest in the Property for $51,000 (the "Purchase Amount"). The parties have entered into a proposed sales agreement documenting this (collectively, the "Sale" and the "Agreement")). (Richards Decl. ¶ 4, Ex. A). The Debtor has tendered the $51,000 to the Trustee. (Richards Decl., ¶ 5).

1    7.    The Debtor has represented in the Agreement that she will obtain a portion

2  of the Purchase Amount from her father, Terrence Rohl. Mr. Rohl is also a shareholder of

3  SBSC, Inc., and MBA, Inc. and he assisted the Debtor in connection with the Sale. As part of

4  the Sale, Mr. Rohl (whom the Debtor scheduled as a creditor in the Bankruptcy Case) signed

5  the Agreement, stating that he will not file a claim in the Bankruptcy Case, either individually, or

6  as a shareholder of SBSC, Inc., or MBA, Inc., or otherwise. He also agreed that if he has filed a

7  claim in the case in any capacity, he irrevocably withdraws it.   (Ex. A)

8    8.    The Sale is conditional on this Court granting this motion and the Trustee

9  is amenable to overbidding at the hearing on terms that are agreeable to this Court. (Richards

10  Decl. ¶ 6).

11    9.    Bankruptcy Code Section 363(b) states that a trustee, after notice and a

12  hearing, may sell property of the bankruptcy estate other than in the ordinary course of

13  business.

14    10.    The Trustee believes the Sale is in the best interests of creditors. As stated

15  above, the Trustee's CPA reviewed the relevant books and records of SBSC, Inc., and MBA,

16  Inc., and determined that the Purchase Amount is a reasonable amount. Further, the estate's

17  interest in the Property is likely worth more to the Debtor than it would be to a third party who is

18  unaffiliated with SBSC, Inc., or MBA, Inc. (Richards Decl., ¶ 7).

19    The Trustee respectfully requests that the Court grant this motion and that it grant

20  such other and further relief as is appropriate.

21  Dated: August 31, 2011                              THE SUNTAG LAW FIRM
                                                       A Professional Corporation

22

23                                                     By:  /s/ Dana A. Suntag
                                                           DANA A. SUNTAG
24                                                         Attorneys for Chapter 7 Trustee
                                                           GEOFFREY RICHARDS
25

26

27